**HONG HE, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.**

**No. 05–6817–ag.**

United States Court of Appeals,
Second Circuit.

Sept. 25, 2006.

Lorance Hockert, New York, NY, for Petitioner.

Christopher J. Christie, United States Attorney, Rudolph A. Filko, Assistant United States Attorney, Newark, NJ, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Hong He, a native and citizen of the People's Republic of China, seeks review of a November 28, 2005 order of the BIA

affirming the March 29, 2004 decision of immigration judge ("IJ") Brigitte Laforest denying Petitioner He's applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). *In re Hong He*, No. A70 654 215 (B.I.A. November 28, 2005), *aff'g* No. A70 654 216 (Immig. Ct. N.Y. City March 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See, e.g., Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). This Court reviews *de novo* questions of law. *See Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ The IJ determined, and the BIA affirmed, that Petitioner He's presentation of two false asylum claims as well as a fraudulent document were fatally detrimental to her credibility regarding her new claims. At her hearing, Petitioner He disavowed her student democracy and forcible abortion claims, stating that she came to the United States because she could not get a marriage certificate and wished to proceed on the basis of fear of future persecution on account of her conversion to Christianity and the birth of her son in the United States. She stated that the reason she left China was her inability to obtain a marriage certificate and her desire to earn money. Petitioner He admitted that she had never been part of the student democracy movement, that she had never had an abortion, and that she had submitted a fraudulent abortion certificate, but claimed that her attorney and a travel agency had advised her to present fabricated stories.

This Court has held that the submission of inconsistent statements as well as a fraudulent document in support of an asylum application may constitute substantial evidence supporting an adverse credibility determination. *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 156–57 (2d Cir.2006). The BIA has also determined that presentation of a false document in support of an asylum application (as opposed to the use of a fraudulent document to escape persecution) can be fatal to the credibility of the applicant. *See Matter of O–D–*, 21 I. & N. Dec. 1079, 1083, 1998 WL 24904 (BIA 1998). In this case, the agency was reasonable in determining that He's willingness to perpetuate two false asylum claims and present a fraudulent document fatally undermined her overall credibility. *See Borovikova*, 435 F.3d at 157.

■ With respect to Petitioner He's fear of persecution on account of her Christian religious beliefs, the agency was reasonable in determining that, based on Petitioner He's witness' testimony that the witness had returned to China three or

four times since 1992 and had attended a Christian church there each time without interference from the government, Petitioner He's fear of persecution was not objectively reasonable. The agency also reasonably determined that Petitioner He failed to present objective evidence supporting her claim that she would be forcibly sterilized in the future based on the birth of her United States-citizen child. The BIA noted that the Asylum Profile for China for 1998 stated that the penalty for returning from abroad with more than one child was a fee. Presuming that the agency has properly taken into account the State Department material as well as all other material before it, *see Xiao Ji Chen*, 434 F.3d at 159, the agency's conclusion that Petitioner He's fear of future persecution was unfounded is substantially supported by the record as a whole.. *Cf. Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.-born children, "his fear is speculative at best").

Finally, the BIA determined that Petitioner He did not submit sufficient evidence establishing a likelihood of torture based on her illegal departure from China, noting that the State Department Country Report on Human Rights Practices for China for 2002 indicated that fines are the most common punishment for breaking Chinese exit laws. Because Petitioner He points to no other evidence establishing that she will likely be tortured upon return to China due to her illegal exit, the agency was reasonable in denying her CAT claim. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.